1
2
3
4
5
6                    **UNITED STATES DISTRICT COURT**
7                         **DISTRICT OF NEVADA**
8
9    GISTARVE RUFFIN, JR.,                )
10                      Petitioner,        )        3:07-cv-00528-LRH-RAM
                                           )
11   vs.                                   )
                                           )        <u>ORDER</u>
12   JIM BENEDETTI, *et al.*,              )
                                           )
13                      Respondents.       )
     _____/
14
15          This action proceeds on a petition for a writ of habeas corpus by petitioner Gistarve Ruffin, a

16   Nevada prisoner.  Before the court is respondents' motion to dismiss (docket #10).

17   **I.      Procedural History**

18          Petitioner was charged, by amended information, with one count of burglary, one count of

19   possession of tools commonly used for the commission of burglary, and with being a habitual

20   criminal.  Exhibit 10.[1]  After a jury trial, petitioner was convicted on June 22, 1994 of burglary and

21   possession of burglary tools.  Exhibit 19.  The district court found petitioner to be a habitual

22   criminal, and sentenced the petitioner to ten years in prison on the burglary count, to one year in

23   prison for the possession of tools count, and to life in prison with the possibility of parole as a

24   habitual criminal, to run consecutively to the other counts.  Exhibit 34.  A judgment of conviction

25   was entered on August 9, 1994.  Exhibit 35.  Petitioner appealed, and the Nevada Supreme Court

26   _____

27          [1] The exhibits cited in this order in the form "Exhibit __" are those filed by respondents in case
28   3:03-cv-0511-LRH-VPC, petitioner's first federal habeas corpus case, and are located in the record at
     docket #20, #21, and #22.

affirmed the convictions, but vacated the sentences, finding the trial court erred in sentencing petitioner to a sentence for burglary and a separate sentence as a habitual criminal.  Exhibits 36 and 68.  Remittitur issued on January 12, 1996.  Exhibit 71.

The state district court resentenced the petitioner to life in prison with the possibility of parole for the burglary count, as a habitual criminal, and to one year in prison for the possession of tools commonly used for the commission of burglary, to run concurrently.  Exhibit 74.  An amended judgment of conviction was entered on January 29, 1996.  Exhibit 76.  The court then entered a corrected amended judgment on March 22, 1996.  Exhibit 78.

Petitioner filed his first state habeas corpus petition on December 17, 1996.  Exhibit 89.  The trial court dismissed the petition without prejudice as the trial transcripts were not attached.  Exhibit 102.  The petitioner appealed this dismissal, but then voluntarily withdrew his appeal.  Petitioner then filed a corrected petition with the state district court.  Exhibit 107.  This petition was denied as untimely.  Exhibit 108.  Again, the petitioner appealed the denial of this petition but later voluntarily dismissed his appeal.  Exhibit 137.  Petitioner then filed a motion to file a belated petition for writ of habeas corpus.  Exhibit 128.  The trial court granted this motion, and allowed petitioner to file a third habeas corpus petition.  Exhibits 129 and 130.  After holding on evidentiary hearing on the petition and the supplement that was filed, the district court denied the habeas corpus petition.  Exhibits 145, 161, and 165.

Petitioner appealed this denial to the Nevada Supreme Court, and the court affirmed the denial of the third state habeas corpus petition.  Exhibits 167 and 182.  The court found that the third petition was untimely filed and successive.  Exhibit 182.  Remittitur issued on October 1, 2002.  Exhibit 189.  Petitioner moved for rehearing, and the court denied that motion.  Exhibits 190 and 191.

Petitioner filed his first federal habeas corpus petition with this Court on September 15, 2003.[2]  The respondents moved to dismiss the petition as untimely filed.[3]  This Court granted the

---

[2] Docket #6 of case 3:03-cv-0511-LRH-VPC.

[3] Docket #19.

1   motion and dismissed the petition as untimely on September 30, 2004.[4]  On appeal, the Ninth Circuit

2   Court of Appeals affirmed this court's order.[5]

3        On November 5, 2007, petitioner initiated the instant action (docket #1) by filing his second

4   habeas corpus petition (docket #6).  Respondents have moved to dismiss the petition, arguing the

5   petition is successive, untimely, and that the issues presented are not cognizable in a federal habeas

6   corpus action (docket #10). Petitioner opposes the motion (docket #13).

7   **II.  Discussion**

8        A federal habeas corpus petition "is 'second or successive' if it raises claims that were or

9   could have been adjudicated on their merits in an earlier petition."  *Woods v. Carey*, 525 F.3d 886,

10  888 (9th Cir. 2008); *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001).  28 U.S.C. §

11  2244(3)(A) requires that, "[b]efore a second or successive application permitted by this section is

12  filed in the district court, the applicant shall move in the appropriate court of appeals for an order

13  authorizing the district court to consider the application."

14       The petitioner argues, in his opposition to the motion to dismiss, that the instant petition is

15  not successive because his first petition was dismissed as untimely, therefore no determination was

16  made on the merits of the petition.

17       A second habeas corpus petition is not successive if the first habeas corpus petition was

18  "dismissed for a technical or procedural reason rather than on the merits."  *Slack v. McDaniel*, 529

19  U.S. 473, 486 (2000) (holding that a habeas petition filed after a prior petition was dismissed for

20  failure to exhaust state remedies is not a second or successive petition); *In re Turner*, 101 F.3d 1323

21  (9th Cir. 1996).  *See also Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-45 (1998) (holding that a

22  claim raised for the second time after it was dismissed as premature is not a second or successive

23  petition under section 2244(b)(3)(A)).  However, several courts have held that a prior dismissal of a

24  habeas corpus petition on the grounds that it was barred by the statute of limitations contained in the

25  AEDPA is the equivalent of an adjudication on the merits.  *Reyes v. Vaugh*, 276 F.Supp.2d 1027,

26

27  [4] Docket #32.

28  [5] Docket #53 and #54.

1029 (C.D. Cal. 2001); *Cate v. Ayers*, 2001 WL 1729214, at *3-*4 (E.D. Cal. 2001) (stating "[t]he law is clear that a dismissal based on the statute of limitations is an adjudication of the merits of the claim) (citing *Ellingson v. Burlington Northern Inc.*, 653 F.2d 1327, 1330 n.3 (9th Cir. 1981) ("[a] judgment based on the statute of limitations is on the merits")); *Plaut v. Spendthrift Farm*, 514 U.S. 211, 228 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-limitations grounds the same way they treat a dismissal for failure to state a claim, for failure to prove substantive liability, or for failure to prosecute: as a judgment on the merits").

Therefore, although this court did not adjudicate the merits of petitioner's first federal petition, the instant petition is considered second or successive as the first petition was dismissed as untimely filed. The Court is required to dismiss the petition, as the petitioner has not secured an order from the court of appeals authorizing this action.

Even if the petition was not second or successive, the petition is still untimely filed. This Court found petitioner's first petition to be untimely filed. Furthermore, on appeal, the Ninth Circuit Court of Appeals affirmed this Court's dismissal of the petition as untimely, noting that the federal petition was filed five years late. If the first petition was untimely filed by five years when it was filed on September 15, 2003, then the instant petition, received on November 5, 2007, was filed more than seven years beyond the limitations period. Furthermore, the motion to correct illegal sentence filed in the state district court on January 9, 2007, did not meet the requirements for tolling, as the motion was filed after the petitioner's one year time limitation had already expired. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000) (petitioner is not entitled to tolling where the time limitation under the AEDPA has already run).

Petitioner's federal habeas corpus petition was untimely filed, and must be dismissed unless petitioner can show that he is entitled to equitable tolling of the limitations period. The AEDPA one-year limitations period is subject to equitable tolling. *See Calderon v. United States District Court* (*Beeler*), 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled in part on other grounds*, *Calderon v. United States District Court* (*Kelly*), 163 F.3d 530 (9th Cir. 1998). Equitable tolling is available "if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Beeler*, 128 F.3d at 1288. Generally, a litigant seeking equitable tolling bears the burden of

1   establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some

2   extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

3        Petitioner has not advanced any arguments relating to why his petition should not be

4   dismissed as untimely filed.  The federal habeas corpus petition was filed over two years late without

5   valid justification for the delay, and therefore will be dismissed.  The Court shall not address

6   respondents' arguments relating to whether the claims contained in the federal petition are

7   cognizable.

8   **III. Certificate of Appealability**

9        In order to proceed with an appeal from this court, petitioner must receive a certificate of

10  appealability.  28 U.S.C. § 2253(c)(1).  Generally, a petitioner must make "a substantial showing of

11  the denial of a constitutional right" to warrant a certificate of appealability.  *Id.*  The Supreme Court

12  has held that a petitioner "must demonstrate that reasonable jurists would find the district court's

13  assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484

14  (2000).

15       When a court has dismissed a petitioner's habeas corpus petition on procedural grounds,

16  however, the determination of whether a certificate of appealability issues becomes a two-part test.

17  The Supreme Court has stated that under such circumstances:

18  > A COA should issue when the prisoner shows...that jurists of reason
    > would find it debatable whether the petition states a valid claim of the
19  > denial of a constitutional right and that jurists of reason would find it
    > debatable whether the district court was correct in its procedural ruling.

20

21  *Id.  See also Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003).  Therefore, in order to obtain a

22  COA in cases dismissed on procedural grounds, petitioner has the burden of demonstrating both that

23  he was denied a valid constitutional right *and* that jurists of reason would find it debatable whether

24  the court's procedural ruling was correct.  In cases where there is a plain procedural bar to a

25  petitioner's claims and the district court is correct to invoke that procedural bar to dispose of the

26  case, "a reasonable jurist could not conclude either that the district court erred in dismissing the

27  petition or that the petitioner should be allowed to proceed further."  *Slack*, 529 U.S. at 484.

28       In the present case, petitioner's habeas petition is being dismissed because it is a successive

1   petition, and is untimely filed.  The Court did not reach the merits of any of petitioner's

2   constitutional claims.  No reasonable jurist could conclude that this Court's procedural ruling was in

3   error.  Petitioner is not entitled to a certificate of appealability.

4         **IT IS FURTHER ORDERED** that respondents' motion to dismiss (docket #10) is

5   **GRANTED** and the petition is **DISMISSED** as successive.

6         **IT IS FURTHER ORDERED** that the clerk shall **ENTER JUDGMENT**

7   **ACCORDINGLY.**

8         **IT IS FURTHER ORDERED** that petitioner is **DENIED** a certificate of appealability.

9         DATED this 29th day of January, 2009.

10

11
                                    _____
12                                          LARRY R. HICKS
                                       UNITED STATES DISTRICT JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        6